IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VELMON JOHNSON, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| AGAPE MINISTRIES/ | : | |
| AGAPE BAPTIST CHURCH, et al. | : | NO. 16-254 |

MEMORANDUM

Dalzell, J.                                                                                                               May 17, 2016

## I.  Introduction

We consider here the United States of America's motion to dismiss plaintiffs Velmon and Johnny Johnson's complaint. The Johnsons have sued the United States, the United States Postal Service (the "Postal Service"), and Agape Ministries/Agape Baptist Church ("Agape") for negligence and loss of consortium relating to injuries Velmon Johnson allegedly sustained as a result of a slip and fall on the icy sidewalk outside of the property located at 1613 E. Wadsworth Avenue in Philadelphia, Pennsylvania. Defendant Agape has not moved to dismiss.

## II.  Standard of Review

A defendant moving to dismiss under Fed. R. Civ. P. 12(b)(6) bears the burden of proving that the plaintiff has failed to state a claim for relief. See Fed. R. Civ. P. 12(b)(6); see also, e.g., Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). To survive a Rule 12(b)(6) motion, the complaint must contain sufficient factual matter, accepted as true, to state a facially plausible claim to relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

As the Supreme Court stresses, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action…do not suffice." Id. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

In the wake of Twombly and Iqbal, our Court of Appeals laid out a two-part test to apply when considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6):

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief.

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal citations and quotations omitted). In deciding a motion to dismiss, we may consider "the allegations contained in the complaint, exhibits attached to the complaint and matters of public record," and any "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefits Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

We recite the facts as they appear in the complaint.

### III. Factual Background

On February 19, 2014, Velmon Johnson slipped and fell on the icy sidewalk outside the property located at 1613 E. Wadsworth Avenue in Philadelphia, Pennsylvania. Compl. ¶¶ 9, 12. Defendants, the United States, the Postal Service, and Agape, either occupy or own the property in question and are responsible for removing ice and snow from the sidewalk. Id. at ¶¶ 9-10. On the date in question, plaintiffs allege there was a dangerous accumulation of ice on the sidewalk

that defendants permitted to exist for a significant period of time prior to Mrs. Johnson's accident. Id. at ¶ 11. As a result of her fall, Mrs. Johnson fractured her right elbow, which had to be surgically repaired. Id. at ¶ 15.

On June 4, 2015, Mrs. Johnson submitted a claim to the Postal Service regarding her slip and fall. Def.'s Mot. to Dismiss ("MTD") Ex. A. On December 21, 2015, her counsel sent a letter to the Postal Service's tort claims coordinator stating that Mrs. Johnson intended to file suit because she had not received a final disposition of her claim within six months. Pls.' Resp. in Opp. Ex. F.

In Count I, Mrs. Johnson brings a negligence claim against Agape for allowing the ice to accumulate, failing to remove the ice, and failing to warn her of the dangerous condition. Compl. at ¶¶ 14-17. In Count II, Mrs. Johnson brings the same claims against the United States and the Postal Service. Id. at ¶¶ 18-22. In Count III, Mrs. Johnson's husband, Johnny Johnson, brings a loss of consortium claim against all of the defendants. Id. at ¶¶ 23-24.

**IV.   Discussion**

The United States moves to dismiss Counts II and III of the complaint.[1] The United States argues that the complaint fails to state a negligence claim because it contains only a conclusory allegation that a dangerous condition existed. MTD at unnumbered p. 5. The United

---

[1] The United States requests that we modify the caption to identify the United States as the sole federal defendant pursuant to 28 U.S.C. § 1346(b)(1). MTD at unnumbered p. 2 n.1. Plaintiffs evince no opposition to this request, and, as the United States is the only proper defendant under the Federal Tort Claims Act, we will modify the caption to remove the Postal Service.
   The United States also moves to dismiss because it has not been properly served under Fed. R. Civ. P. 4(i)(1), (2). Id. at unnumbered pp. 11-12. Plaintiffs aver that since then they have properly served the United States. See Pls.' Resp. in Opp. at 8-9. The docket reflects service upon the Postal Service, the Attorney General, and the United States Attorney. We will therefore deny the United States's motion to dismiss on that basis.

States also argues that Johnny Johnson's loss of consortium claim should be dismissed because Mr. Johnson failed to exhaust his administrative remedies. Id. at unnumbered pp. 7, 10.

### A.      Sufficiency Of The Allegations In Count II

The United States argues that Count II lacks sufficient factual allegations to state a claim for negligence. MTD at unnumbered p. 4. Specifically, it avers that the allegation that a dangerous condition existed because of an accumulation of ice does not suffice as there are no accompanying allegations showing that the United States knew -- or should have known -- about the ice. Id. at unnumbered pp. 5-6.

Although the complaint does not go into detail regarding the accumulated ice, it claims that defendants permitted the ice to accumulate for a significant period of time before Mrs. Johnson's accident. Compl. ¶ 11. A claim is plausible when the complaint contains factual allegations that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678. Plaintiffs have made factual allegations that Mrs. Johnson slipped and fell on an icy sidewalk that the United States was either wholly or partly responsible for maintaining, and that the United States failed to timely discover, remove, and/or warn about the icy conditions. Compl. ¶ 19. Such allegations suffice to state a plausible claim for relief, and we will therefore deny the United States's motion to dismiss Count II of the complaint.

### B.      Administrative Exhaustion Of Johnny Johnson's Claim

The United States argues that Mr. Johnson failed to exhaust his administrative remedies with respect to his loss of consortium claim because he never made an administrative claim for damages to the Postal Service. MTD at unnumbered p. 10. Mr. Johnson responds that since his

claim is completely derivative of Mrs. Johnson's personal injury claim and his wife's administrative claim to the Postal Service indicated that she was married, he was not required to submit a separate administrative claim. Pls.' Resp. in Opp. at 7.

The United States, by virtue of its sovereign immunity, may not be sued without its consent. United States v. Mitchell, 463 U.S. 206, 212 (1983). Its consent to be sued in any court defines that court's jurisdiction to entertain the suit. United States v. Sherwood, 312 U.S. 584, 586 (1941). Under the Federal Tort Claims Act ("FTCA"), Congress has waived the United States's sovereign immunity from tort claims such that it is liable in the same manner and to the same extent as a private individual under like circumstances. 28 U.S.C. § 2674. As a waiver of sovereign immunity, the FTCA's provisions are strictly construed. Pascale v. United States, 998 F.2d 186, 193 (3d Cir. 1993).

Under the FTCA, a party cannot sue the United States for money damages unless that party first files a claim with the appropriate Federal agency and that agency either denies the claim in writing or fails to make a final disposition within six months, which is treated as a denial. 28 U.S.C. § 2675(a). A tort claim against the United States is totally barred unless it is presented in writing to the appropriate Federal agency within two years after the claim accrues. 28 U.S.C. § 2401(b). See also McNeil v. United States, 508 U.S. 106, 113 (1993) (holding that the FTCA bars claimants from bringing suit in federal court until after they have exhausted their administrative remedies). Each claimant must submit an independent and separate claim to the appropriate administrative agency. Commonwealth of Pa., by Sheppard v. National Ass'n of Flood Insurers, 520 F.2d 11, 23-24 (3d Cir. 1975), overruled on other grounds, 659 F.2d 306 (1981), cert. denied, 458 U.S. 1121 (1982). The requirement that claimants present their claims

to the appropriate Federal agency and receive a denial is a jurisdictional prerequisite to suit that cannot be waived. Bialowas v. United States, 443 F.2d 1047, 1049 (3d Cir. 1971).

Plaintiffs bear the burden of showing that they have satisfied the presentment and denial requirements. Livera v. First Nat'l State Bank of N.J., 879 F.2d 1186, 1195 (3d Cir. 1989). Although loss of consortium is a derivative tort claim, it is separate from the underlying claim giving rise to the alleged tortfeasor's liability to the injured party's spouse. Spouses suing federal agencies for loss of consortium must fulfill the FTCA's jurisdictional requirements by filing a separate administrative claim. See McNiff v. Asset Mgmt. Specialists, Inc., 337 F. Supp. 2d 685, 692 (E.D. Pa. 2004) (explaining that the FTCA's jurisdictional requirements are not met where the individual suing for loss of consortium fails to file a separate administrative claim, even if the injured spouse has already filed an administrative claim); Murray v. United States, 604 F. Supp. 444, 446 (E.D. Pa. 1985) (separate administrative claims are required even for spouses claiming loss of consortium); Dondero v. United States, 775 F. Supp. 144, 148 (D. Del. 1991) (the requirement of separate administrative claims is essential to fulfill Congressional intent to give agencies notice of claims); Wright v. United States, 2007 WL 1030574, *1 (E.D. Pa. Apr. 3, 2007) (Pollak, J.) (the separate administrative claims requirement applies to each FTCA claimant, including spouses claiming loss of consortium).

Mr. Johnson cannot proceed on his loss of consortium claim against the United States because he has failed to exhaust his administrative remedies with the Postal Service. Tort claims against the United States are barred unless the claimant presents his claim in writing to the appropriate Federal agency within two years after the claim accrues. 28 U.S.C. § 2401(b). Mr. Johnson's derivative claim accrued on February 9, 2014 -- the same date as Mrs. Johnson's

negligence claim. As more than two years have passed, Mr. Johnson's claim is barred.[2] We will therefore dismiss with prejudice Mr. Johnson's loss of consortium claim in Count III with respect to the United States only.

V.     **Conclusion**

We will deny the United States's motion to dismiss Count II because the complaint contains sufficient factual matter, accepted as true, to plausibly state a claim for relief against the United States with respect to Mrs. Johnson's slip and fall. But we will grant the motion with respect to Mr. Johnson's loss of consortium claim because he failed to exhaust his administrative remedies and his claim is thus barred. An appropriate Order follows.

BY THE COURT:

  /s/ Stewart Dalzell, J.
Stewart Dalzell, J.

---

[2] A claim is presented when a Federal agency receives from the claimant (or his duly authorized agent or legal representative) an executed Standard Form 95, or other written notification of an incident, accompanied by a claim for money damages in a sum certain. 28 C.F.R. § 14.2(a). The contents of a claim form can be liberally construed, but the filing of the claim itself cannot be. Livera, 775 F. Supp. at 1195. Although plaintiffs filed suit on January 20, 2016, that filing does not fulfill the statutory and regulatory obligations to present a claim. Indeed, it would defeat the purpose of the presentment rule if a claimant could save his claim from the jurisdictional bar by filing the very lawsuit the bar seeks to preclude him from filing.